U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2023 APR -4 AM 10: 03

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| DAVID A. GEHLBACH and TIMOTHY S. FLANAGAN<br>Plaintiffs<br><br>v.<br><br>GIFFORD MEDICAL CENTER, INC.<br>Defendant | Civil Action No. _____<br>2:23-cv-66<br><br>**COMPLAINT** |
|---|---|

NOW COMES David A. Gehlbach and Timothy S. Flanagan, by and through their attorneys, Diamond & Robinson, P.C., of Waterbury, Vermont, and for their Complaint allege as follows:

## I. JURISDICTION AND VENUE

1.   The Plaintiffs bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), to recover unpaid back wages, and additional amount as liquidated damages, reasonable attorney's fees and costs, and permanent injunctive relief.

2.   This Court has jurisdiction of the Plaintiffs' claims pursuant to 29 U.S.C. § 201, et seq., under 29 U.S.C. § 216 and 28 U.S.C. § 1331.  Jurisdiction over the Plaintiffs' claims for violations of Vermont law, 21 V.S.A. § 384(b)(4), and Vermont common law claims for breach of contract and unjust enrichment are based upon the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1137(a).

3.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(i) and (ii) because the Defendant is incorporated and transacts business in this district, the Plaintiffs reside and were

1

employed by the Defendant in this district, and most of the actions complained of occurred in this district.

## II. PARTIES

4. Plaintiff David A. Gehlbach is a resident of Barre, Vermont.

5. Plaintiff Timothy S. Flanagan is a resident of Williston, Vermont.

6. Defendant, Gifford Medical Center, Inc. (Defendant), is a non-profit corporation registered in the State of Vermont. It operates a hospital facility located in Randolph, Vermont.

## III. FACTS

7. At all pertinent times, Defendant has been engaged in activities and having employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for commerce; and having and annual gross volume of sales made or business done of not less than $100,000.00, and therefore, constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA Section 3(r) and (s), 29 U.S.C. § 203(r) and (s).

8. Plaintiffs have been employed by Defendant providing health care services to Defendant's customers / patients as a respiratory therapists.

9. Plaintiffs are/were "employees" as that term is defined by 29 U.S.C. § 203(e) and 21 V.S.A. § 383.

10. The Defendant is/was, at all relevant times, an "employer" as that term is defined by 29 U.S.C. § 203(d) and relevant Vermont law.

11.     Plaintiffs are hourly, non-exempt employees of a hospital, who earned, but did not receive, compensation at their regular rate of pay for hours worked in excess of eight hours in a workday and eighty hours in a designated fourteen-day period.

12.     In a typical work schedule Plaintiffs worked five consecutive days. They typically worked an eight hour shift each of those days followed by a restricted on-call shift.

13.     Defendant agreed and/or was obligated to pay Plaintiffs an hourly regular rate of pay for their regular shifts and Defendant agreed and/or was obligated to pay Plaintiffs one of one half their regular rate of pay for their restricted on-call shifts plus additional amounts depending on whether the restricted on-call shift was overnight and/or on a weekday, weekend, and/or holiday.

14.     Despite Defendant's agreement and/or obligation Defendant paid Plaintiffs at a rate of pay that was lower than their regular rate of pay for their restricted on-call shifts. Additionally, Defendant failed to pay one and one half their regular rate of pay for Plaintiffs' restricted on-call shifts for any day Plaintiffs worked more than eight hours and for any designated fourteen-day period during which Plaintiffs worked more than eighty hours.

### III. COUNT ONE
### FLSA VIOLATIONS

15.     Plaintiffs incorporate paragraphs 1-14 above as if repeated in full.

16.     Plaintiffs routinely worked in excess of eight hours per day and in excess of eighty hours over designated fourteen-day periods.

17.     The FLSA requires hospital employers to pay its employees one and one-half times their regular rate of pay for time worked in excess of eight hours per day and eighty hours in a designated fourteen-day period.

18. Despite the fact that Plaintiffs worked hours in excess of eight hours per day and eighty hours in a designated fourteen day period, Defendant failed to pay Plaintiffs one and one-half times their regular rate of pay.

19. Defendant has violated Sections 6 and/or 7 of the FLSA, 29 U.S.C. § 206, 207, and 215(a)(2), by failing to pay Plaintiffs one and one-half times their regular rate of pay for time worked in excess of eight hours per day and eighty hours in a designated fourteen-day period.

## IV. COUNT TWO
## WILLFUL VIOLATIONS OF THE FLSA

20. Plaintiffs incorporate paragraphs 1-19 above as if repeated in full.

21. Upon information and belief Defendant knew it was required to pay Plaintiffs one and one-half times their regular rate of pay for time worked in excess of eight hours per day and eighty hours in a designated fourteen-day period.

22. Defendant knowingly and intentionally or in reckless disregard of its obligations failed to pay Plaintiffs one and one-half times their regular rate of pay for time worked in excess of eight hours per day and eighty hours in a designated fourteen-day period.

23. The decision by Defendant not to pay Plaintiffs one and one-half times their regular rate of pay for time worked in excess of eight hours per day and eighty hours in a designated fourteen-day period was neither reasonable, nor in good faith.

24. Pursuant to 29 U.S.C. §§ 207, 216, the Defendant owes Plaintiffs compensation for overtime work including any back wages owed for overtime work. The Defendant also owes an additional amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

## V. COUNT THREE
## VIOLATION OF VERMONT'S OVERTIME PAY LAW 21 V.S.A. §384(b)(4)

25. Plaintiffs incorporate paragraphs 1-24 above as if repeated in full.

26. Defendant violated 21 V.S.A. §384(b)(4) by failing to pay Plaintiffs one and one-half times their regular rate of pay for time worked in excess of eight hours per day and eighty hours in a designated fourteen-day period.

27. Defendant owes Plaintiffs one and one-half times their regular rate of pay for time worked in excess of eight hours per day and eighty hours in a designated fourteen-day period.

## VI. COUNT FOUR
## BREACH OF CONTRACT

28. Plaintiffs incorporates paragraphs 1-27 above as if repeated in full.

29. Defendant agreed and/or was obligated to pay Plaintiffs one and one-half times their regular rate of pay for time worked in excess of eight hours per day and eighty hours in a fourteen-day period.

30. Defendant breached its agreement and/or obligation to pay Plaintiffs one and one-half times their regular rate of pay for time worked in excess of eight hours per day and eighty hours in a designated fourteen-day period. It paid Plaintiffs at a lower rate than their regular rate of pay and failed to pay overtime.

## VII. COUNT FIVE
## UNJUST ENRICHMENT AND RESTITUTION

31. Plaintiffs incorporate paragraphs 1-30 above as if repeated in full.

32. Plaintiffs conferred a benefit on Defendants by working restricted on-call time for wages that were far less than agreed upon and/or obligated.

33. Defendant accepted the benefit of Plaintiffs' labor.

34.     It would be inequitable for Defendant not to fairly compensate Plaintiffs for the value of their labor.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs seek judgment against the Defendant as follows:

a.     Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violated the Fair Labor Standards Act;

b.     Defendant be enjoined from any further violations of the Fair Labor Standards Act;

c.     Plaintiffs be permitted to recover compensatory damages and an equal amount of liquidated damages, as provided under 29 U.S.C. § 216(b);

d.     Grant judgment to the Plaintiffs for their claims of unpaid wages as secured by the 21 V.S.A. §384(b)(4);

e.     Grant judgment to Plaintiffs for their breach of contract claim for unpaid wages;

f.     Grant judgment for Plaintiffs for their unjust enrichment claim and grant restitution thereunder.

g.     Award pre-judgment interest.

h.     Plaintiffs recover an award of reasonable attorneys' fees, costs, and other expenses;

i.     That the Defendant make the Plaintiffs whole by providing appropriate back pay and any other benefits wrongly denied.

j.     Plaintiffs pray for any other additional relief that justice may require or permit.

DATED at Waterbury, Vermont this **4th** day of April, 2023.

                                                DIAMOND & ROBINSON, P.C.

By: _____

                                                Steven P. Robinson, Esq.
Attorney for Plaintiffs
P.O. Box 1460
Montpelier, VT 05601-1460
(802) 223-6166
spr@diamond-robinson.com

7