U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 SEP -6  PM 1:49

CLERK
BY          U٣٣
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DAVID A. GEHLBACH and             )
TIMOTHY S. FLANAGAN,              )
                                 )
    Plaintiffs,                   )
                                 )
    v.                            )     Case No. 2:23-cv-00066
                                 )
GIFFORD MEDICAL CENTER, INC.,     )
                                 )
    Defendant.                    )

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART
DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**
(Docs. 19 & 24)

Timothy S. Flanagan and David A. Gehlbach ("Plaintiffs") brought this action

against Defendant Gifford Medical Center, Inc. to recover allegedly unpaid wages.

Plaintiffs assert five causes of action: violations of the Fair Labor Standards Act

("FLSA") (Count I); willful violations of the FLSA (Count II); violation of 21 V.S.A.

§ 384(b)(4) (Count III); breach of contract (Count IV); and unjust enrichment and

restitution (Count V). They request a declaratory judgment that Defendant violated the

FLSA; an injunction to prevent further violations; compensatory and liquidated damages

under 29 U.S.C. § 216(b); judgment in their favor for their 21 V.S.A. § 384(b)(4), breach

of contract, and unjust enrichment claims; restitution; pre-judgment interest; attorney's

fees, costs, and other expenses; appropriate back pay, any other benefits wrongly denied,

and any other additional relief required or permitted.

On October 13, 2023, Plaintiffs filed a motion for partial summary judgment on

Defendant's statute of limitations affirmative defense. (Doc. 19.) Defendant opposed

their motion and cross-moved for partial summary judgment on November 27, 2023.

(Doc. 24.) Plaintiffs filed a response, which served as a reply to their own motion, on

December 27, 2023, (Docs. 28, 29), and Defendant replied to its cross-motion on January

10, 2024. (Doc. 30.) On March 28, 2024, the court held oral argument, at which time it took the pending motions under advisement.

Plaintiffs are represented by Steven P. Robinson, Esq. Defendant is represented by Elizabeth K. Rattigan, Esq.

**I.      Undisputed Facts.[1]**

For at least ten years, Defendant has employed Plaintiffs as hourly, nonexempt respiratory therapists who worked a regular shift and a restricted on-call shift (the "restricted shift"). Their typical day included an eight-hour shift followed by a six and one-half hour restricted on-call shift. Until on or about December 30, 2022, Defendant paid Plaintiffs a regular hourly rate for the regular shift and paid them Vermont's minimum wage for their restricted on-call shifts. The regular hourly rate in 2022 exceeded $35.00 per hour.

During Plaintiffs' employment, Defendant has been subject to the FLSA, *see* 29 U.S.C. § 201, Plaintiffs were "employees" as defined by 29 U.S.C. § 203(e) and 21 V.S.A. § 383, and Defendant was an "employer" as defined by 29 U.S.C. § 203(d) and Vermont law.

On December 29, 2022, Defendant notified Plaintiffs and others that it had identified an error in its restricted shift payments because restricted shift employees should have been compensated at the rate of pay for a regular shift, including applicable differentials and overtime, as opposed to minimum wage for a restricted shift. To rectify this error, in December 2022, Defendant paid Plaintiffs lump sums of back wages and overtime pay for 2021 and 2022.[2] Defendant's lump sum payment increased Plaintiffs'

---

[1] Plaintiffs did not oppose Defendant's statement of undisputed material facts. *See* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]").

[2] Plaintiffs do not dispute the years identified by Defendant. In their statement of undisputed material facts, however, Plaintiffs state that they received a payment for "the years 2020 and 2021." (Doc. 19-1 at 2, ¶ 10.) This statement appears in error, as other documents state "2021 and 2022." *See, e.g.*, Doc. 19 at 2 ("On December 31, 2022, Defendant paid Plaintiffs retroactively for a two-year period covering their employment for 2021 and 2022."); Doc. 24-8 at

2

rate of pay for their restricted on-call shifts from the prevailing minimum wage to a regular rate of pay that exceeded $35.00 plus shift differentials.

Defendant did not adjust Plaintiffs' regular pay rate for their restricted shifts nor pay applicable overtime for their years of employment prior to January 1, 2021. Defendant asserts that it does not owe any back pay or overtime pay for Plaintiffs' work prior to January 1, 2021.

On February 8, 2023, Defendant's President and CEO advised Plaintiffs that it would only reimburse them for "underpayments for the two years preceding their discovery of the underpayments." (Doc. 24-4 at 5, ¶ 14.) Defendants claim that the lump sum payments to Plaintiffs were based on a "mistaken understanding," (Doc. 19-7 at 4), and overpaid them for the amounts owed. At no time were Plaintiffs paid less than the prevailing minimum wage for the work they performed on Defendant's behalf.

## II.    Conclusions of Law and Analysis.

Plaintiffs seek a declaratory judgment that 21 V.S.A. § 384 and the applicable six-year statute of limitations in 12 V.S.A. § 511 applies to their claim. In its opposition and cross-motion, Defendant seeks a declaratory judgment that the statute of limitations for Plaintiffs' FLSA and state law wage claims is two years under 21 V.S.A. § 342 and 12 V.S.A. § 520, the FLSA preempts Plaintiffs' common law claims, and Plaintiffs are not entitled to recover duplicate damages. The amount of unpaid wages owed to Plaintiffs, if any, remains disputed, as does Plaintiffs' number of consecutive workdays and days off.

### A.    Standard of Review.

The court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' . . . if it 'might affect the outcome of the suit under the governing law.'" *Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 39 (2d Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A dispute of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the

---

2 ("In December 2022, [Defendant] made lump sum payments to Plaintiffs for additional pay, including additional overtime, for time worked during 2021 and 2022.").

nonmoving party.'" *Id.* at 39-40 (quoting *Anderson*, 477 U.S. at 248). The court "constru[es] the evidence in the light most favorable to the non-moving party[]" and "resolve[s] all ambiguities and draw[s] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107 (2d Cir. 2019) (citations and internal quotation marks omitted).

The moving party always "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). "Once the moving party demonstrates that there are no genuine issues of material fact, the nonmoving party must come forth with evidence sufficient to allow a reasonable jury to find in [its] favor." *Spinelli v. City of New York*, 579 F.3d 160, 166 (2d Cir. 2009) (alteration in original) (citation and internal quotation marks omitted). "Thus, a nonmoving party can defeat a summary judgment motion only by coming forward with evidence that would be sufficient, if all reasonable inferences were drawn in [its] favor, to establish the existence of [an] element at trial." *Id.* at 166-67 (alterations in original) (citations and internal quotation marks omitted).

"Where parties file cross-motions for summary judgment, each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (alterations adopted) (citation and internal quotation marks omitted).

## B. Whether the Court Should Order Discovery Under Fed. R. Civ. P. 56(d).

In their reply, Plaintiffs claim that Defendant has refused to engage in discovery "beyond the two years undisputedly covered by the FLSA[]" and refused to permit discovery regarding "how its violative practice arose and was allowed to continue for over a decade." (Doc. 28 at 13.) They seek to investigate Defendant's "willfulness and/or

4

a good faith defense under the FLSA . . . until they are afforded proper discovery[]" under Fed. R. Civ. P. 56(d). *Id.* at 14. Plaintiffs did not file a motion to compel, a motion to stay, or otherwise seek judicial intervention in their discovery dispute. To the contrary, they filed their motion for partial summary judgment prior to Defendant's cross-motion without identifying the need for additional discovery.

Defendant asserts that Plaintiffs have not met the procedural requirements for discovery under Fed. R. Civ. P. 56(d) nor alleged facts to "justify deferring a decision on . . . the applicability of a two-year statute of limitations . . . in order to allow Plaintiffs to seek potentially 10 years' worth of discovery." (Doc. 30 at 8.)

Fed. R. Civ. P. 56(d) provides that when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" defer consideration of the motion, deny the motion, allow time to obtain affidavits or declarations or take discovery, or issue any other appropriate order. By affidavit or declaration, the nonmovant must describe: "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004) (interpreting prior version of rule).

Under the FLSA:

> any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages . . . may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]

29 U.S.C. § 255.

A "willful violation" is one in which "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA.]" *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). "The plaintiff bears the burden of proof on the issue of willfulness for statute of limitations purposes[]" in FLSA actions. *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 71 (2d Cir. 2014)

5

(citation and internal quotation marks omitted). At the pleading stage, "the mere allegation of willfulness is insufficient to allow an FLSA plaintiff to obtain the benefit of the three-year exception . . . . Rather, a plaintiff must allege facts that permit a plausible inference that the defendant willfully violated the FLSA for that exception to apply." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 323 (2d Cir. 2021).

In their Complaint, Plaintiffs assert the following:

- "Defendant knowingly and intentionally or in reckless disregard of its obligations failed to pay Plaintiffs one and one-half times their regular rate of pay for time worked in excess of eight hours per day and eighty hours in a designated fourteen-day period."

- "The decision by Defendant not to pay Plaintiffs one and one-half times their regular rate of pay for time worked in excess of eight hours per day and eighty hours in a designated fourteen-day period was neither reasonable, nor in good faith."

Doc. 1 at 4, ¶¶ 22-23.

Without further detail, these willfulness allegations are impermissibly conclusory. *See Whiteside*, 995 F.3d at 323 ("We decline to adopt a rule that would allow a claim that a 'complaint clearly shows [to be] out of time,' to proceed through discovery upon the insertion of a single legal conclusion—indeed, a single word—into a complaint.") (alteration in original) (internal citation omitted); *Babayoff v. Pro Coverage Grp., Inc.*, 2023 WL 2071289, at *2 (E.D.N.Y. Feb. 17, 2023) (finding a plaintiff insufficiently supported his willfulness claim, and the FLSA's two-year statute of limitation applied, because he "merely label[ed] Defendants' conduct as 'willful' throughout the Complaint without providing further details in support of this conclusion").

Plaintiffs did not file an affidavit or declaration in support of their Fed. Rule Civ. P. 56(d) request but merely asserted for the first time in their reply that discovery on the issue of willfulness was necessary. "A reference to Rule 56([d]) and to the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56([d]) affidavit, and the failure to file an affidavit under Rule 56([d]) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate[.]" *Paddington Partners v. Bouchard*, 34 F.3d

1132, 1137 (2d Cir. 1994) (internal citation omitted).[3] In addition, an argument raised for the first time in a reply is generally waived. *See McGarry v. Pallito*, 2013 WL 3338682, at \*8 n.11 (D. Vt. July 2, 2013) ("The Second Circuit has made clear that it disfavors new issues being raised in reply papers.") (collecting Second Circuit cases); *see also McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009) (noting courts "ordinarily will not consider issues raised for the first time in a reply brief"); *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) (directing that arguments not made in an opening brief are waived, even if raised in a reply brief).

Because Plaintiffs have not filed an affidavit or declaration in support of their Fed. R. Civ. P. 56(d) motion, the court DENIES their request for Rule 56(d) discovery.

## C. Whether Plaintiffs' State Law Claims Are Governed by a Six-Year or Two-Year Statute of Limitations.

In Count III, Plaintiffs seek unpaid wages under Vermont's minimum wage and overtime pay statute, 21 V.S.A. § 384, which they claim is governed by the six-year general civil statute of limitations set forth in 12 V.S.A. § 511. They assert that 21 V.S.A. § 384 must be liberally construed, and its plain language and legislative history support their interpretation.

Defendant claims Plaintiffs' action is governed by 21 V.S.A. § 342 and the damages provision in 21 V.S.A § 347 because Plaintiffs "do not seek to remedy the failure to pay wages and overtime, but rather, the harm caused by the *delay in payment* of such wages." (Doc. 24-8 at 7) (emphasis in original). In so arguing, Defendant contends that it has paid Plaintiffs in full and the only issue is its delay in doing so. Defendant

---

[3] *See also Young v. Benjamin Dev. Inc.*, 395 F. App'x 721, 723 (2d Cir. 2010) ("[W]e conclude that the district court committed no error in this case because [the plaintiff] failed to file an affidavit setting forth the essential facts he sought to discover."); *Digianni v. Bloomberg*, 311 F. App'x 492, 494 (2d Cir. 2009) ("[Plaintiff's] argument that he was impermissibly denied discovery also fails because he did not supply the court with an affidavit explaining why he could not effectively oppose the [defendant's] cross-motion for summary judgment without further discovery, as required by Federal Rule of Civil Procedure 56([d])."); *Cross v. State Farm Ins. Co.*, 926 F. Supp. 2d 436, 446 (N.D.N.Y. 2013) ("Plaintiff has not presented a proper affidavit or declaration on this motion, so his Rule 56(d) application fails on this basis alone.").

argues that its interpretation is consistent with the FLSA and Vermont case law, and the plain and unambiguous language of the relevant statutes.

21 V.S.A. § 384, entitled "Employment; wages[,]" is found under Chapter 5 "Employment Practices[,]" Subchapter 3 "Minimum Wages[,]" and states that "an employer shall not pay an employee less than one and one-half times the regular wage rate for any work done by the employee in excess of 40 hours during a workweek." 21 V.S.A. § 384(b).[4] Plaintiffs allege that they fall under the definition of "employee" as "any individual employed or permitted to work by an employer[.]" 21 V.S.A. § 383.

Employers who pay an employee "less than the applicable rate to which the employee is entitled pursuant to this subchapter, shall be assessed a civil penalty of not more than $100.00 for each day the employee is paid less than the rate required pursuant to this subchapter." 21 V.S.A. § 394. 21 V.S.A. § 395 provides a private right of action for violations of § 384:

> An employee who is paid by an employer less than the applicable wage rate to which the employee is entitled pursuant to this subchapter, shall recover, in a civil action, twice the amount of the minimum wage established pursuant to section 384 of this subchapter less any amount actually paid by the employer, together with costs and reasonable attorney's fees.

21 V.S.A. § 395.

21 V.S.A. § 384 contains no internal statute of limitations, and no other provision in Subchapter 3 references one. Vermont's general civil action statute of limitations is six years. *See* 12 V.S.A. § 511 ("A civil action . . . except as otherwise provided, shall be commenced within six years after the cause of action accrues and not thereafter."). It applies when no more specific statute of limitations is indicated. *See, e.g., Jadallah v. Town of Fairfax*, 2018 VT 34, ¶ 16, 207 Vt. 413, 420, 186 A.3d 1111, 1117 ("The causes of action brought by appellant are all civil, and thus appellant has not presented any reason to this Court that any statute of limitations other than the six-year period under

---

[4] The statute provides that subsection 21 V.S.A. § 384(b) "shall not apply to . . . [e]mployees of hospitals[]" pursuant to certain conditions including that "the employer files an election to be governed by this section with the Commissioner[.]" In the course of the court's March 28, 2024 hearing, the parties agreed that Defendant has not filed an election to be governed by this section.

§ 511 is applicable.").

Vermont's "Weekly payment of wages" statute, 21 V.S.A. § 342, is organized
under Chapter 5 "Employment Practices[,]" Subchapter 2 "Wages and Medium of
Payment[,]" and states in relevant part:

> Any employer that is doing business within the State shall pay each week,
> in lawful money or checks, the wages earned by each employee to a day not
> more than six days prior to the date of payment.

21 V.S.A. § 342(a)(1).

"Wages" is defined in 21 V.S.A. § 341(5) as "all remuneration payable for
services rendered by an employee, including salary, commissions, and incentive pay." It
thus covers regular wages, shift pay, and overtime wages. *See Tanzer v. MyWebGrocer,
Inc.*, 2018 VT 124, ¶ 44, 209 Vt. 244, 268, 203 A.3d 1186, 1202-03 ("The statutory
definition of wages is broad, though it is not without parameters. . . . [W]e have defined
wages as earnings."). Every provision of § 342 is directed to the timing and manner of
paying wages.

Section 342 contains a statute of limitations in 12 V.S.A. § 520, which is entitled
"Payment of wages[,]" and requires "[a]ctions brought on a violation of 21 V.S.A. § 342
[to] be brought within two years after the cause of action accrues, and not after." 12
V.S.A. § 520. 21 V.S.A § 347, entitled "Forfeiture[,]" provides:

> An employer who violates section 342 or 343 of this title shall forfeit to the
> individual injured twice the value thereof, to be recovered in a civil action,
> and all costs and reasonable attorney's fees. However, an action may not be
> maintained under this section unless at the time the action is brought, the
> wages remain unpaid or improperly paid.

*Id.*

At issue in this case is whether Plaintiffs' state law claims for overtime wages are
governed by 12 V.S.A. § 384 or 12 V.S.A. § 342.

Vermont courts construe statutes to "determine and give effect to the intent of the
Legislature." *Delta Psi Fraternity v. City of Burlington*, 2008 VT 129, ¶ 7, 185 Vt. 129,
132, 969 A.2d 54, 56 (citation and internal quotation marks omitted). "Where the
Legislature's intent can be ascertained from the plain meaning of the statute, [courts]

9

interpret the statute according to the words the Legislature used." *In re M.C.*, 2018 VT
139, ¶ 9, 209 Vt. 219, 222, 204 A.3d 1123, 1125 (citation and internal quotation marks
omitted). "Where there is ambiguity or uncertainty about legislative intent, [courts] must
consider the entire statute, including its subject matter, effects and consequences, as well
as the reason for and spirit of the law." *In re Hinsdale Farm*, 2004 VT 72, ¶ 5, 177 Vt.
115, 117, 858 A.2d 249, 251. "Remedial statutes are entitled to liberal construction."
*Carter v. Fred's Plumbing & Heating Inc.*, 174 Vt. 572, 574, 816 A.2d 490, 493 (2002)
(mem.); *see also Stowell v. Action Moving & Storage, Inc.*, 2007 VT 46, ¶ 8, 182 Vt. 98,
102, 933 A.2d 1128, 1132 ("As remedial statutes, [Vermont's wages-and-medium-of-
payment statutes] must be liberally construed.").

The plain language of 21 V.S.A. § 384(b) and 21 V.S.A. § 342(a)(1) indicate that
both statutes pertain to overtime pay. Section 384(b), however, is directed to how
overtime is calculated while § 342 is clearly directed to when and how wages are to be
paid. Neither statute is the sole statutory basis for bringing a claim for unpaid overtime.

The Vermont Supreme Court in *Lanphear v. Tognelli*, 601 A.2d 1384 (Vt. 1991),
explained why the statutory schemes in Subchapters 2 and 3 are distinct. There, it
considered an appeal of a 21 V.S.A. § 384 minimum wage violation claim for which
defendants argued the lower court erred in doubling actual damages under 21 V.S.A
§ 347. The Vermont Supreme Court reversed and remanded, and in doing so, rejected the
trial court's decision holding a Subchapter 3 violation a concurrent violation of
Subchapter 2:

> **We agree with defendants that the double recovery provision of 21
> V.S.A. § 347 does not apply to this case.** Subchapter 2 ("Wages and
> Medium of Payment") of chapter 5 ("Employment Practices") makes it
> unlawful to delay payment of weekly wages beyond six days from the end
> of the week the wages were earned. 21 V.S.A. § 342(a). Subchapter 2 also
> provides other measures to ensure prompt payment, the form of payment,
> investigative procedures, and criminal and civil penalties. In short, the
> penalty provision applies only to violations of the timeliness and form of
> wage requirements, **not the underpayment of wages**. The minimum wage
> requirement is found in subchapter 3 ("Minimum Wages"), a self-contained
> regulatory scheme distinct from the preceding subchapter. Criminal

> penalties and civil remedies are unique to violations of the requirements in subchapter 3. 21 V.S.A. §§ 394(b), 395.
>
> . . .
>
> If violations of requirements to pay no less than minimum wage under subchapter 3 were automatically violations subject to subchapter 2 penalties, different remedies and penalties would apply to the same conduct, rendering the less stringent sanctions of subchapter 3 meaningless.[5] *See Lomberg v. Crowley*, 138 Vt. 420, 423, 415 A.2d 1324, 1326 (1980) (if two statutory provisions seem to conflict, they should be interpreted and harmonized so as to give effect to *both*[]) (emphasis added).

*Lanphear*, 601 A.2d at 1386 (emphasis supplied).

Almost two decades later, the Vermont Supreme Court in *Stowell v. Action Moving & Storage, Inc.*, 2007 VT 46, 182 Vt. 98, 933 A.2d 1128, reversed a trial court's denial of penalties and attorney's fees under 21 V.S.A. § 347 for a plaintiff's claim of improperly withheld commission payments under 21 V.S.A. § 342. It distinguished *Lanphear*, explaining that that its "ruling as to the inapplicability of § 347 *to the underpayment of wages applied only to a violation of the minimum wage statutes*, §§ 381-396, and not to violations of the wage-and-medium-of-payment statutes, §§ 341-347." *Id.* ¶ 23, 182 Vt. at 109, 933 A.2d at 1136 (emphasis supplied) (citing *Longariello v. Windham Sw. Supervisory Union*, 679 A.2d 337, 339 (Vt. 1996) ("Nothing in [*Lanphear*], a case holding that the remedies in § 347 are *inapplicable for violations of minimum wage laws*, suggests that § 347 cannot reach the adverse consequences of uncorrected payment delays.") (emphasis supplied)).

This case alleges a violation of the minimum wage statute governing overtime, and thus § 347 does not apply, but its Subchapter 3 counterpart § 395 does.[6]

*Lanphear* and *Stowell* emphasize the different regulatory schemes within

---

[5] Subchapter 3 was subsequently amended in 2001 post-*Lanphear* to include its own double recovery provision in 21 V.S.A § 395.

[6] "An employee who is paid by an employer less than the applicable wage rate to which the employee is entitled pursuant to this subchapter, shall recover, in a civil action, twice the amount of the minimum wage established pursuant to section 384 of this subchapter less any amount actually paid by the employer, together with costs and reasonable attorney's fees." 21 V.S.A. § 395.

Subchapter 2 and Subchapter 3 and their distinct penalty provisions. Evidencing a similar distinction, the intent of Subchapter 3 is for "workers employed in any occupation [to] receive wages . . . fairly *commensurate with the value of the services rendered*[,]" 21 V.S.A. § 381 (emphasis supplied), whereas "the overriding intent of [Vermont's wages-and-medium-of-payment statutes, 21 V.S.A. §§ 341-347,] is to *ensure that workers are paid in a timely manner*." *Stowell*, 2007 VT 46, ¶ 8, 182 Vt. at 102, 933 A.2d at 1131 (emphasis supplied). This court's holding in *Ploof v. Brooks Drug, Inc.*, 1991 WL 497170, at *9 (D. Vt. Aug. 28, 1991), that "recovery of overtime wages shall be limited to the two year period stated[]" in 21 V.S.A. § 342, predates both *Lanphear* and *Stowell*. The decision did not mention, much less consider, whether 21 V.S.A. § 384 applied. *Ploof* has thus been effectively overruled by the Vermont Supreme Court.[7]

A two-year statute of limitations for timeliness claims furthers the remedial intent of the statute by providing an employer with an incentive to comply with the statute. Section 347 limits its forfeiture provisions by allowing for a double recovery only in circumstances where unpaid or improperly paid wages persist as of the filing of the complaint. In contrast, § 395 does not contain that same limitation. Instead, its only limit is to require a deduction for "any amount actually paid[.]" 21 V.S.A. § 395.

Because § 384, unlike § 342, is silent on the applicable statute of limitations, 12 V.S.A. § 511's six-year statute of limitations governs. The FLSA does not preempt Vermont law in this respect because states may enact labor laws with longer statutes of

---

[7] Defendants' reliance on *Kubler v. Heritage Automotive Group, Inc.*, 2017 WL 3730884 (D. Vt. June 14, 2017), is misplaced. There, this court held that 21 V.S.A. § 342, rather than 21 V.S.A. § 384, applied to unpaid commissions as opposed to the minimum wage laws. The court thus considered only Subchapter 2 claims. *See id.* at *16 ("The complaint alleges that [Plaintiff] was not paid commissions which she earned. The complaint references 21 V.S.A. § 384, but the court believes that 21 V.S.A. § 342 is a more appropriate basis for the claim. Section 384 establishes Vermont's minimum wage and overtime pay requirements. Section 342, on the other hand, specifies when employers must pay their employees for wages earned, and 21 V.S.A. § 347 authorizes a civil action to enforce the statute when an employer has failed to pay wages earned, which includes commissions. *Stowell v. Action Moving & Storage, Inc.*, 2007 VT 46 ¶ 12, 182 Vt. 98, 933 A.2d 1128.").

limitations than those that govern the FLSA.[8]

This court's role "is not to adopt innovative theories that may distort established state law. Instead [it] must carefully predict how the state's highest court would resolve the uncertainties that [it has] identified." *Runner v. N.Y. Stock Exch., Inc.*, 568 F.3d 383, 386 (2d Cir. 2009). In light of the Vermont Supreme Court's repeated recognition that Subchapters 2 and 3 are distinct statutory schemes with distinct remedies and penalty provisions, the court concludes that Plaintiffs' state law claim for unpaid overtime wages is governed by 21 V.S.A. § 384 and § 395 and is therefore subject to 12 V.S.A. § 511's general six-year statute of limitations. This longer statute of limitations reflects the public policy considerations inherent in circumstances where an employee, like Plaintiffs here, contends the amount of compensation the employer paid was less than that required by applicable minimum wage laws. A contrary interpretation would reward employers for requiring employees to work additional hours without compensation by limiting their recovery to two years.

The court thus GRANTS Plaintiffs' motion for partial summary judgment on Defendant's statute of limitations affirmative defense and DENIES Defendant's cross-motion for partial summary judgment.

## D. Whether the FLSA Preempts Plaintiffs' Common Law Claims for Breach of Contract, Unjust Enrichment, and Restitution.

Counts IV and V allege claims for breach of contract, unjust enrichment, and

---

[8] *See Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 464 (E.D.N.Y. 2011) ("[T]he Second Circuit has found that the FLSA does not preempt state regulation of overtime wages, such as the Labor Law, that provide an additional, and even sometimes duplicative, source of substantive rights."); *see also Garcia v. 2390 Creston Realty LLC*, 2023 WL 4849889, at \*8 (S.D.N.Y. July 28, 2023) ("The statute of limitations for claims under the [New York Labor Law] is six years[.]") (citing N.Y. Lab. Law §§ 198(3); 663(3)); *Chen v. C & R Rock Inc.*, 2016 WL 1117416, at \*6 n.9 (D.N.H. Mar. 22, 2016) (stating that "the statute of limitations for the plaintiff's state wage claims is three years" and citing the New Hampshire personal action three-year statute of limitations); *Bolduc v. Nat'l Semiconductor Corp.*, 35 F. Supp. 2d 106, 118 (D. Me. 1998) ("[T]he Maine legislature simply did not adopt the statute of limitations provision as the FLSA did. This Court will not adopt one for it. Maine has declared that its statute of limitations for civil actions is six years. The Court will, thus, apply the six-year statute of limitations to [plaintiff's state law overtime compensation claim.]").

13

restitution because Defendant "paid Plaintiffs at a lower rate than their regular rate of pay and failed to pay overtime." (Doc. 1 at 5, ¶ 30.) Defendant requests summary judgment on these claims, arguing that they are preempted by the FLSA because they are based on the same facts as Plaintiffs' FLSA claims. Plaintiffs counter that their unjust enrichment claims are not preempted because they are "premised on substantive rights conferred by Vermont's wage and hour laws, and not the FLSA." (Doc. 29 at 11.)

"The Second Circuit has not squarely addressed whether common law claims for overtime are preempted by the FLSA[,]" *Contrera v. Langer*, 314 F. Supp. 3d 562, 571 (S.D.N.Y. 2018) (citation and internal quotation marks omitted), but numerous district courts within the Second Circuit "have indicated that state common law claims for unpaid overtime are preempted[.]" *Acevedo v. WorkFit Med. LLC*, 2014 WL 4659366, at *12 (W.D.N.Y. Sept. 17, 2014) (collecting cases).[9] Indeed, "through the comprehensive remedial scheme, Congress struck the intended balance between the purpose of the FLSA and the vindication of its provisions, and therefore allowing additional remedies for duplicative claims would serve as an obstacle to the enforcement of the FLSA." *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 467 (E.D.N.Y. 2011) (collecting cases). As this court recently explained:

> The FLSA's remedial scheme and accompanying regulations are sufficiently detailed to evince a Congressional intent to preempt common law remedies stemming from the same violation when those remedies are sought to reduce FLSA liability. Courts evaluating the preemptive scope of the FLSA have noted that the statute has an "unusually elaborate

---

[9] *See, e.g.*, *Provencher v. Bimbo Bakeries USA, Inc.*, 705 F. Supp. 3d 238, 256 (D. Vt. 2023) ("Vermont common law unjust enrichment claims in cases involving unpaid overtime are invalid under the FLSA."); *Acevedo v. WorkFit Med. LLC*, 2014 WL 4659366, at *14 (W.D.N.Y. Sept. 17, 2014) ("Plaintiffs' state common law claims are thus preempted to the extent they seek unpaid overtime wages."); *DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 532-33 (E.D.N.Y. 2011) ("[T]his [c]ourt agrees with the numerous other courts that have found the FLSA's civil enforcement scheme to be exclusive and, accordingly, concludes that FLSA preempts any state common law claims that are duplicative of plaintiffs' FLSA cause of action.") (footnote omitted); *Barrus v. Dick's Sporting Goods, Inc.*, 732 F. Supp. 2d 243, 263 (W.D.N.Y. 2010) (dismissing "Plaintiffs' common law claims seeking allegedly unpaid overtime as preempted by FLSA").

14

enforcement scheme" which "provides for a careful blend of administrative and judicial enforcement powers."

. . .

This Court is hardly the first to conclude that state causes of action in the field of overtime and wage regulation may be preempted. While "the FLSA does not preempt state regulation of overtime wages . . . that provide an additional, and even sometimes duplicative, source of substantive rights," state common law claims can still be preempted. *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 464-65 (E.D.N.Y. 2011). Courts have explained that the basis of this distinction is that state overtime wage laws "confer a substantive right for overtime compensation separate from the FLSA," while "state common law claims that are premised on violations of the FLSA simply provide a different remedy for FLSA violations." *Id.* at 465. The distinction is the *source* of the right: if the claim is based upon a statute that confers a substantive right, then the remedy sought is not in tension with the FLSA's remedial scheme. On the other hand, if the common law claim stems from a finding of FLSA liability, it disrupts the carefully tailored congressional framework and violates the Supremacy Clause.

*Provencher v. Bimbo Bakeries USA, Inc.*, 705 F. Supp. 238, 254-55 (D. Vt. 2023) (emphasis in original) (citations and footnote omitted) (analyzing defendant's motion for judgment on the pleadings for dismissal of a claim under 21 V.S.A. § 384(c)).

Plaintiffs' breach of contract and unjust enrichment claims for unpaid overtime are premised on the same facts as their FLSA claims. In cases in which common law claims are "based on the same facts, and seeking the same relief[]" as an FLSA claim, "most courts have had no trouble dismissing the common law claims as preempted to the extent recovery is available under the FLSA, even where the plaintiff also brought wage claims under a parallel state statute." *Gordon v. Kaleida Health*, 847 F. Supp. 2d 479, 494 (W.D.N.Y. 2012) (collecting cases); *see Anderson v. Sara Lee Corp.*, 508 F.3d 181, 192-93, 195 (4th Cir. 2007) (remanding "for dismissal without prejudice as preempted by the FLSA[]" common law claims that "come with remedies that, in some respects, are more generous than those provided in the FLSA enforcement scheme" such as a potentially different statutes of limitations). The court agrees with this approach. Defendant's cross-motion for partial summary judgment on Claims IV and V is therefore GRANTED, and those claims are DISMISSED.

### E.    Whether Plaintiffs Are Entitled to a Duplicative Recovery.

Defendant argues that Plaintiffs should not be entitled to double recovery under both the FLSA and Vermont law for the same alleged unpaid wages. In response, Plaintiffs confirm that they do not seek a duplicative recovery or entitlement to concurrent damages under Vermont law for any period covered by the FLSA.

Because the parties are in agreement that duplicative recovery under the FLSA and Vermont law is not available, the court DENIES AS MOOT Defendant's cross-motion for partial summary judgment on this issue.

### CONCLUSION

Based on the foregoing, the court DENIES Plaintiffs' request for Rule 56(d) discovery, GRANTS Plaintiffs' motion for partial summary judgment on Defendant's statute of limitations affirmative defense and DENIES Defendant's cross-motion for partial summary judgment on this issue, GRANTS Defendant's cross-motion for partial summary judgment on Claims IV and V and DISMISSES those claims, and DENIES AS MOOT Defendant's cross-motion for partial summary judgment on whether Plaintiffs are entitled to duplicative recovery. (Docs. 19, 24.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this __6th__ day of September, 2024.

Christina Reiss, Chief Judge
United States District Court